IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CASE NO. 1:22-CR-69-SA

JABARI OGBONNA EDWARDS
and ANTWANN RICHARDSON  DEFENDANTS

ORDER

Now before the Court is Edwards' Motion to Strike [177]. The Government has responded in opposition. The Court is prepared to rule.

On August 23, 2023, the Court held a hearing, at which time the Court orally pronounced that it would allow the Government an opportunity to retain an expert to rebut the opinions of Scott Bossom and Matthew K. McCarthy—the Defendants' experts. On September 1, 2023, the Government filed a Notice of Disclosure [176]. In pertinent part, the Notice [176] provides:

> In compliance with Federal Rule of Criminal Procedure 16(a)(1)(G), the government has disclosed to the defendants[] Charles P. Rafferty, a Shareholder, GranthamPoole PLLC, Ridgeland, Mississippi, as an expert witness at trial. The disclosure includes Mr. Rafferty's opinions regarding the proposed testimony of the defendants' experts; however, Mr. Rafferty has not had an opportunity to fully evaluate the financial analysis provided to the defendants and therefore anticipates supplementing this disclosure to include opinions specifically related to the financial analysis by the end of next week.

[176] at p. 2-3.

According to the Government, it supplemented the disclosure on September 7, 2023.

In his Motion to Strike [177], Edwards moves the Court to prohibit Rafferty from testifying "except for that portion [of his proposed testimony] that expresses an opinion related to the collection and dischargeability of payroll and withholding taxes by [North Atlantic Security] and [Edwards]." [177] at p. 1. In essence, Edwards' position is that Rafferty's proposed testimony exceeds the scope of the authority this Court provided to the Government in allowing it to retain a

rebuttal expert:

> The Government exceeded the exception granted by this Court to address the tax issues by leaping into expert opinions on whether NAS was (1) conducting business after March 21, 2022, (2) intended to transition into electronic surveillance security business, (3) the usability of any of its loss carryforwards toward future liability, (4) the amount of eligible employee retention credits.

*Id*. at p. 1-2.

Edwards argues that allowing Rafferty to testify on these topics would "be violative of the deadline for experts (July 20, July 31, 2023) and exceed the subject matter this Court generously allowed the Government on August 23, 2023. To permit the government, at this late date, to introduce such sweeping expert testimony would render the July 31, 2023 date meaningless." *Id*. at p. 2.

This Motion [177] is not well-taken. First, the Court has not been provided a copy of the report, rendering it difficult—if not impossible—to fully grapple with Edwards' arguments. Second, as the Government suggests in its Response [180], the Court's ruling granted the Government an opportunity to retain an expert to "meet the defendant's evidence." FED. R. CRIM. P. 16(c)(ii). Based upon the information that has been provided, it appears to the Court that the Government has retained an expert to do just that. Finally, the Court notes that since the time that Edwards filed the present Motion [177], the trial of this matter has been continued multiple times, thereby providing Edwards (and Richardson) further opportunity to prepare for trial and weighing against any allegation of unfair prejudice. The Defendants have had an adequate opportunity to prepare for the trial of this matter.

The Motion [177] is DENIED.

SO ORDERED this the 18th day of January, 2024.

/s/ Sharion Aycock
U. S. DISTRICT COURT JUDGE